**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**OLA ROSE GAFFORD and**
**RANDY GAFFORD**                                                        **PLAINTIFFS**

**V.**                                        **4:13CV00295 JM**

**ALLSTATE INSURANCE COMPANY**                            **DEFENDANT**

## CERTIFICATION ORDER

Pursuant to Rule 6-8 of the Rules of the Supreme Court of the State of Arkansas, this

Court certifies to the Supreme Court of Arkansas a question of law that may be determinative of

this case and as to which it appears there is no controlling precedent in the decisions of the

Supreme Court of Arkansas.

## I.

### QUESTION OF LAW TO BE ANSWERED

Whether the recovery of attorneys fees to an insured in an insurance contract action are

exclusively available pursuant to Ark. Code Ann. §23-79-208 precluding an award of fees

pursuant to Ark. Code Ann. §16-22-308?

## II.

### FACTS RELEVANT TO THE QUESTION

Plaintiffs originally filed their Complaint against Allstate Insurance Company in the

Circuit Court of Faulkner County, Arkansas. The case was removed to federal court on May 15,

2013. Plaintiffs alleged that Allstate failed to properly pay them under the terms of an insurance

contract for loss sustained to a residence they owned as rental property.  It was undisputed that

the policy insuring the residence was in effect at the time of the loss and that the loss, a lightning

strike, was covered.   Plaintiffs claimed that Allstate offered a certain sum to compensate them for the loss at issue and to rebuild the rental property, but the amount offered was insufficient to complete the necessary repairs. Plaintiffs sought compensatory damages for the amount to repair and restore the property, for personal property under the terms of the policy,  and lost rental income.

The case was tried to a jury on March 17 and 18, 2014. The jury found in favor of the Plaintiffs and awarded damages in the amount of $95,510.04. The Court entered judgment in favor of the Plaintiffs in the amount of $11,959.18, giving credit to the Defendant for the payments of $11,900.00 and $71,650.86 made prior to trial. Plaintiffs' attorneys Christopher Warthen and David Hodges requested fees from the initiation of the suit through trial.   After consideration of the applications and briefs, the Court awarded attorneys' fees to Mr. Hodges in the amount of $50,125.00 pursuant to Ark. Code Ann. § 16–22–308. The Court found that Plaintiffs were not entitled to the 12% penalty and full attorneys' fees pursuant to Ark. Code Ann. §23-79-208 because they had not recovered 80% of the total amount of damages sought in the suit.

Defendant requests the Court reconsider and set aside its award of attorneys' fees arguing that in an insurance action, a fee award pursuant to Ark. Code Ann. §16-22-308 is not appropriate.  Defendant argues that where two statutes address the same issue, the general statute must yield to the more specific, and that fees in the instant matter may only be awarded pursuant to Ark. Code Ann. §23-79-208.  Plaintiff argues that "seemingly conflicting statutes should be read in a harmonious manner where possible." *Lawrence v. City of Texarkana*, 2011 Ark. 42, 6, 378 S.W.3d 127,131 (2011).

In *Village Market, Inc. v. State Farm General Ins. Co.*, 334 Ark. 227, 975 S.W.2d 86 (1998) the Arkansas Supreme Court, on rehearing, found that: "[b]ecause  attorney's fees are awarded only when expressly allowed by statute or rule, the silence of such fee awards to insurers in §§ 16–22–308 and 23–79–208 can only be interpreted to mean that the General Assembly never intended that attorney's fees be awarded to insurers when an insured has filed an action seeking recovery for a claim under his or her policy."  Id. 334 Ark. at 229-30, 975 S.W.2d at 87.

The Arkansas Legislature amended Ark. Code Ann. § 23-79-208 in 1999 to "clarify that insurance policy holders shall not be liable for the attorneys' fees incurred by insurance companies in defense of cases in which the insurance company is found not liable for the loss." 1999 Arkansas Laws Act 135 (S.B.154).   Section 5 of Act No. 135  provides that "any other law or parts of law of general application regarding the award of attorneys' fees, as applied to litigation involving policies of insurance, are superseded by the provisions of this Act. Specifically, the provisions of § 16-22-308 regarding the award of attorneys' fees to the prevailing party in a civil action for breach of contract are expressly superseded by the provisions of this Act."

Considering the intent of the General Assembly as stated in the Title of Act 135, "to clarify the existing intent of the General Assembly that insurance policy holders shall not be liable for the attorneys' fees incurred by insurance companies in the defense of cases in which the insurance company is found not liable for the loss; and for other purposes," did the legislature intend to preclude the recovery of attorneys' fees to an insured pursuant to § 16-22-308 if the insured fails to meet the requirements for the recovery of attorneys' fees pursuant to

3

§23–79–208?  Did the General Assembly intend for insureds in breach of contract actions to be entitled to the recovery of fees only if they meet the heightened conditions set forth in Ark. Code Ann. § 23-79-208, as opposed to recovering fees by simply prevailing as a party in any other breach of contract action?

This issue is likely to arise in federal diversity cases as well as in Arkansas circuit court cases.  It appears to the Court that there is no controlling precedent in the decisions of the Arkansas Supreme Court on this issue.

## III.  REFORMULATION OF THE QUESTION

The United States District Court hereby acknowledges that the Arkansas Supreme Court, acting as the receiving court, may reformulate the question presented.

## IV.  COUNSEL OF RECORD AND PARTIES

Attorneys for Plaintiffs, Ola Rose Gafford and Randy Gafford:

David A. Hodges
David Hodges Law Office
212 Center Street
Suite 500
Little Rock, AR 72201
501-374-2400

Christopher Ray Warthen
Schmidt Law Firm
Post Office Box 1145
Cabot, AR 72023
501-843-7576

Attorneys for Defendant, Allstate Insurance Company:

John E. Moore
Amy Lynn Tracy
Munson, Rowlett, Moore & Boone, P.A.
Regions Center
400 West Capitol Avenue
Suite 1900
Little Rock, AR 72201
501-374-6535

**V.**

The Clerk of this Court is hereby directed to forward this Order to the Supreme Court of

Arkansas under his official seal.

IT IS SO ORDERED this 3rd day of September, 2014.

James M. Moody Jr
United States District Judge

5